CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 09 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONTAZ LATRAY WILKERSON, | ) | CASE NO. 7:17CV00562 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JOHN E. WALRATH, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Dontaz Latray Wilkerson, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that officials at River North Correctional Center have unconstitutionally restricted him to noncontact visitation for five years, a harsher punishment than they have imposed on other similarly situated inmates. Among other demands for relief, Wilkerson has moved for a temporary restraining order and a preliminary injunction to regain his contact visitation privileges while this lawsuit is pending. After review of the record, the court concludes that these motions must be denied.

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The party's pleading must satisfy all four factors of the Winter standard to warrant such relief. Id. at 20.

The Equal Protection Clause of the Fourteenth Amendment declares that "[n]o State shall ... deny to any person ... the equal protection of the laws." U.S. Const., amend. XIV, § 1. This

---

[1] Wilkerson also requests a temporary restraining order. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Wilkerson is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

provision does not altogether forbid states from classifying individuals; rather it "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

> [t]o succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 82 (4th Cir. 2016) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)).

Wilkerson makes the conclusory statement that his penalty exceeded other inmates' penalties under similar circumstances. His complaint and other submissions, however, fail to state facts concerning any particular instances when other inmates received lesser penalties after similar disciplinary infractions, or show that officials intentionally imposed a harsher penalty on Wilkerson to discriminate against him. Accordingly, under the applicable standard in Winter, Wilkerson has not demonstrated that he is likely to succeed on the merits of his equal protection claim or that he is likely to suffer the irreparable harm of continued violation of his constitutional rights in the absence of interlocutory relief. Therefore, the court concludes that the requested relief is not warranted and will deny Wilkerson's motions.[2] An appropriate order will enter this day.

ENTER: This ___ day of February, 2018.

_____
Senior United States District Judge

---

[2] Because Wilkerson is not represented by counsel in this action, by separate order, the court will grant him the opportunity to file an amended complaint.