CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONTAZ LATRAY WILKERSON, | ) | CASE NO. 7:17CV00562 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JOHN F. WALRATH, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

The plaintiff, Dontaz Latray Wilkerson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials imposed a harsher visitation restriction on him than on other inmates, in violation of his constitutional rights. After review of the record, the court concludes that the defendants' motion to dismiss must be granted.

## I. Background

Wilkerson is, and has been, confined at River North Correctional Center ("RNCC") for several years. On March 11, 2016, Warden Walrath notified Wilkerson that he had been placed on non-contact visitation restriction permanently after Wilkerson was accused of soliciting a visitor to bring drugs into RNCC. See V.S. Ex. 6, ECF No. 2. Wilkerson filed a regular grievance that the institutional ombudsman ruled unfounded. On appeal, Regional Administrator Elam upheld the visitation restriction, but reduced its duration to five years. After the restriction took effect, a disciplinary hearing officer found Wilkerson guilty of offense code 138/198a— conspiracy to breach the security perimeter with contraband. Evidence at the hearing came from an investigation of a letter Wilkerson had mailed to an outside visitor. The hearing officer imposed a disciplinary penalty of cell restriction for 30 days.

In support of his amended complaint, Wilkerson submits affidavits from two other inmates who have had their visitation privileges restricted in the past at RNCC. After Kevin Small was found guilty of disciplinary offense code 122c—being under the influence of drugs, he lost thirty days of commissary privileges. Small was also "given an enhanced penalty pursuant to operating procedure of placement on non-contact visitation restriction for 6 months." Am. Compl. Ex. 1, ECF No. 15-1. Inmate Eugene Williams, Jr., was found guilty of offense code 122a/198a—conspiracy to possess unauthorized drugs. His penalties related to this offense included 60 days of telephone restriction and non-contact visitation for six months.

Wilkerson sues Walrath and Elam under § 1983. He contends that Walrath imposed a more harsh visitation restriction on him than was imposed on inmates Small and Williams, in violation of equal protection; that this restriction far exceeded the visitation restriction penalties authorized under prison policy for Wilkerson's disciplinary offense; and that Elam knew of, but failed to correct, this equal protection violation. As relief, Wilkerson seeks compensatory and punitive damages[1] and injunctive relief enjoining the defendants from enforcing the five-year visitation restriction. The defendants have filed a motion to dismiss, and Wilkerson has responded, making the motion ripe for disposition.

## II. Discussion

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded factual allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

---

[1] The court will grant Wilkerson's motion for leave to file a second amended complaint, which adds only a demand for punitive damages and otherwise, is nearly identical to the amended complaint already before the court.

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.[2]

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) ("The doctrine of respondeat superior has no application" in § 1983 action). For supervisory prison officials to be held liable under § 1983 for constitutional injuries inflicted by their subordinates, an inmate must establish that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable" risk of constitutional injury; (2) the supervisor's response to this knowledge was so inadequate as to show "deliberate indifference or tacit authorization" of the offensive practices; and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

The defendants argue that Wilkerson's amended complaint fails to state how either of them was personally involved in it. Liberally construing Wilkerson's submissions, the court cannot agree. Wilkerson's amended complaint clearly asserts that he was treated more harshly than other inmates who have possessed drugs or tried to bring them into the prison—a contention

---

[2] The court has omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

that must be construed as an attempted equal protection violation claim.³ Moreover, taking Wilkerson's allegations as true, both Walrath as warden and Elam as a regional administrator are supervisory officials who imposed or knew about the visitation restriction imposed on him and had authority to eliminate or to make it consistent with other inmates' visitation restrictions. Thus, the court cannot dismiss the complaint for the defendants' asserted reasons. For other reasons, however, the court concludes that the motion to dismiss must be granted.

As an initial matter, Wilkerson has no viable § 1983 claim based on his allegation that the permanent or five-year non-contact visitation restriction violated the prison disciplinary policy. See Riccio v. Cty of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that state's failure to abide by its own procedural regulations is not a federal due process issue); Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000) (holding that alleged violation of prison's visitation policy provides no basis for constitutional claim). Therefore, the court must dismiss any claim based on a violation of the disciplinary policy.⁴

The Equal Protection Clause of the Fourteenth Amendment declares that "[n]o State shall . . . deny to any person . . . the equal protection of the laws." U.S. Const., amend. XIV, § 1. This provision does not altogether forbid states from classifying individuals; rather it "keeps

---

³ Wilkerson expressly states his understanding that inmates "do not possess a substantive liberty interest . . . in unfettered visitation." Second Am. Compl. 4, ECF No. 26-2 (citing Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989)). See also Overton v. Bazzetta, 539 U.S. 126, 137 (2003) (upholding suspension of visitation privileges for at least two years for inmates with two substance abuse violations as rationally related to legitimate penological interests in preventing contraband from entering prison and deterring prisoner misconduct); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ("a [prisoner] has no constitutional right to physical contact with his family"). Therefore, the court does not construe Wilkerson's pleading as asserting a substantive or procedural due process claim.

⁴ Moreover, the court takes judicial notice of the Virginia prison policy that governs inmates' visitation, that states: "Offender visitation is a privilege, and the Facility Unit Head may restrict visiting privileges when necessary to ensure the security and good order of the facility." Virginia Department of Corrections Procedures, 851.1(I) https://vadoc.virginia.gov/about/procedures/documents/800/851-1.pdf. As indicated, Wilkerson's visitation restriction was imposed independently from his disciplinary proceedings, and he received a separate disciplinary penalty after being found guilty of the offense code charged.

governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

> To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 82 (4th Cir. 2016). "The burden, moreover, is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). The court cannot find that Wilkerson has met his burden to state an equal protection claim.

First, Wilkerson does not demonstrate that he is similarly situated in all relevant respects to inmates Small and Williams. The inmates' offense codes differed, and Wilkerson provides no detail concerning the amount or type of drugs involved, the type of individuals solicited, the nature of the solicitation, or the proposed method of eluding prison security measures. Thus, he fails to show that his conduct did not clearly warrant a harsher visitation sanction than did the conduct of the other inmates.

Second, Wilkerson does not show any basis here for a finding that the visitation restriction imposed on him was motivated by intentional discrimination against him, based on his race, religion, or other illegitimate purpose. "Indeed, showing that different persons are treated differently is not enough without more, to show a denial of equal protection." Griffin v. Cty School Board of Prince Edward Cty., 377 U.S. 218, 230 (1964).

Because Wilkerson's second amended complaint thus fails to provide a factual basis for two of the three necessary elements of his equal protection claim, the court concludes that the

defendants' motion to dismiss must be granted, and his motion for interlocutory injunctive relief must be denied.[5] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 17th day of January, 2019.

_____
Senior United States District Judge

---

[5] Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Because the court herein finds that Wilkerson cannot succeed on the merits of his § 1983 equal protection claim, he is also not entitled to interlocutory injunctive relief.